# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

United States of America,

                Plaintiff,

v.

Abdullahi Amin Parker,

                Defendant.

Case. No. 25-cr-307 (DWF/JFD)

**ORDER**

---

This case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1. This matter is before the Court on Mr. Parker's motion for an order compelling the United States to disclose the identity and criminal convictions of informants used in investigating Mr. Parker and to make those informants available for interview by Mr. Parker's attorneys. (Dkt. No. 22.) The United States opposes the motion.

Mr. Parker is charged in a one-count, one-defendant indictment with illegal possession of a machine gun. (Indictment, Dkt. No. 1.) The charges grow out of a Saint Paul Police Department investigation into a multi-perpetrator gunfight at the Minnesota State Fair. That investigation led police to believe that evidence might be found at an apartment in Minneapolis that was the residence of a family member of Mr. Parker. In a warranted search of that apartment, firearms and firearms accessories were found. One of the firearms had allegedly been fitted with an auto-sear, or "switch," a device that allows a firearm to be fired on fully automatic mode. (*See* Report and Recommendation 2–3, Dkt.

1

No. 34.) Mr. Parker challenged the constitutionality of the search. The Court recommended that Mr. Parker's motion challenging the constitutionality of that search warrant be denied. (*See id.* at 14.) The ultimate disposition of the suppression motion, or any potential objections to the Court's report and recommendation, has no bearing on the Court's decision here.

## I.    Legal Standards

The United States has a limited privilege to withhold the identity of its confidential informants. *McCray v. Illinois*, 386 U.S. 300, 311 (1967). The defendant bears the burden of demonstrating the need for disclosure. *United States v. Harrington*, 951 F.2d 876, 877 (8th Cir. 1991). "[I]n order to override the government's privilege of nondisclosure, defendants must establish beyond mere speculation that the informant's testimony will be material to the determination of the case." *Id.* Put differently, "[t]here must be some showing that the disclosure is vital to a fair trial." *United States v. Curtis*, 965 F.2d 610, 614 (8th Cir. 1992). When deciding whether the confidential informant's identity must be disclosed, courts must balance the defendant's needs against the public's strong interest in preserving the confidences of individuals who report crimes. *Roviaro v. United States*, 353 U.S. 53, 59–62 (1956). Courts consider factors such as the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors. *Carpenter v. Lock*, 257 F.3d 775, 779 (8th Cir. 2001) (citing *Roviaro*, 353 U.S. at 60–61); *see also United States v. Lapsley*, 263 F.3d 839, 841 (8th Cir. 2001) ("Where the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege

must give way."). "Where the witness is an active participant or witness to the offense charged, disclosure will almost always be material to the accused's defense." *Devose v. Norris*, 53 F.3d 201, 206 (8th Cir. 1995); *accord United States v. Foster*, 815 F.2d 1200, 1203 (8th Cir. 1987) ("The disclosure of an informant who was an active participant in the crime the accused is charged with is generally required."). By contrast, in cases involving "a 'tipster,' i.e., a person who merely conveys information but does not witness or participate in the offense," disclosure is not vital to a fair trial and so is usually not required. *United States v. Bourbon*, 819 F.2d 856, 860 (8th Cir. 1987).

## II.    Discussion

Neither the United States nor Mr. Parker identify a specific witness relevant to this motion, but both discuss an individual, M.A., who spoke to police in connection with the investigation and identified Mr. Parker as potentially being involved with the shooting. The United States argues that the charge in this case is based solely on firearms recovered in a search warrant and that there were no informants present for that warrant's execution. (Gov's Resp. 1, Dkt. No. 26.)  It also states that if "any informant will be a witness at trial, the United States agrees to provide Jencks Act and Giglio material as to that witness not later than three days before trial, as required." (*Id*. at 2.)

Under *Harrington*, Mr. Parker has the burden to prove that disclosure is necessary, and he has provided very little information upon which the Court can base a decision. The only witness directly mentioned by either party in this case is M.A., who spoke to police regarding the underlying investigation into the State Fair shooting. Information from M.A., mainly that Mr. Parker was involved in the shooting and had access to firearms, was part

of the information set out in an application for a search warrant that was presented to the state court judge who issued the warrant that led to the seizure of the alleged machinegun that is the basis of the grand jury's indictment of Mr. Parker. (Gov's Resp. 4, Dkt. No. 26.) If M.A. is the informant at issue in this motion, his identity is already known to Mr. Parker and his counsel, and if they choose, they may request to interview him or call him as a witness at trial. While M.A. might well be a material witness to charges regarding the shooting itself (if he had relevant information on Mr. Parker's involvement), he is not a material witness with information relevant to the possession charges in this case, which are based entirely on the fact that an alleged machinegun was found in the warranted search of a Minneapolis residence.

If Mr. Parker seeks disclosure of other witnesses, he has not met his burden to show that any such additional witnesses either exist or that his need to know their identities outweighs the interest in preserving the confidences of individuals who report crimes. *See Roviaro v. United States*, 353 U.S. 53, 59–62 (1956). Mr. Parker's Motion is non-dispositive, and the Court resolves it via order.[1] The motion is denied because Mr. Parker has not provided a basis to conclude that the disclosure of any informant's identity would be material to his defense.

---

[1] Because this motion to resolved via order, any challenge to this determination must be made as an appeal to the District Judge assigned to this case, in accordance with D. Minn. 72.2(a).

## <u>ORDER</u>

Therefore, based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Mr. Parker's Motion for Disclosure of Informants (Dkt. No. 22) is **DENIED**.

Dated: December 8, 2025

*s/ John F. Docherty*
JOHN F. DOCHERTY
United States Magistrate Judge